UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AZAMAT SEMENOV,                      :

          Petitioner          :       CIVIL ACTION NO. 3:26-472

     v.                             :            (JUDGE MANNION)

CRAIG LOWE, *et al.,*                :

         Respondents        :

## MEMORANDUM

Pending before the court is petitioner Azamat Semenov's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). For the reasons stated herein, Semenov's petition will be **GRANTED**.

I.    **BACKGROUND**

Petitioner Azamat Semenov is a citizen of Russia. (Doc. 1, ¶ 16). On June 21, 2024, he entered the United States in Dulzura, California and was taken into custody by border patrol agents and processed for expedited removal. (Doc. 10-2 at 4). On August 5, 2024, Semenov had a credible fear interview. (Doc. 10-3 at 11-27). It was determined that he had a credible fear of torture if deported back to Russia. *Id.* at 9. Subsequently, on August 12, 2024, a Notice to Appear was issued, charging Semenov with removability under 8 U.S.C. §1182 as an alien present in the United States without being admitted and not in possession of a valid document. (Doc. 10-3). Finally, on

February 3, 2025, Semenov was released on $8,500 bond and enrolled in the alternatives to detention ("ATD") program. (Doc. 11 at 14). Following his release, he resided in Des Plaines, Illinois as a productive member of the community. (Doc. 1, ¶¶ 41, 45).

On February 10, 2026, Immigration and Customs Enforcement ("ICE") officers detained Semenov following a hit and run incident. (Doc. 10-2 at 3). However, Semenov, it appears, was never accused of, let alone ticketed or charged for any offense. Indeed, the I-213 form that the Respondents cite to does not accuse him of being the individual who hit and ran, nor of violating the terms of his release. (Doc. 10-2). He is currently detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania.

On February 25, 2026, Semenov filed the present petition for a writ of habeas corpus, arguing that he is improperly detained under 8 U.S.C. §1225(b)(2), rather than 8 U.S.C. §1226(a). (Doc. 1). On March 26, 2026, Respondents filed their response, arguing that he is properly detained under §1225(b)(1). (Doc. 10). Finally, on April 9, 2026, Semenov filed a reply to their response. (Doc. 11). The petition is now ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the

- 2 -

authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III.  DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as Semenov's claim neither challenges the

- 3 -

commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as Semenov does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Semenov does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents'

'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Semenov is detained under 8 U.S.C. §1225(b), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

### c. 8 U.S.C. §1226(a) applies to Semenov

Semenov argues that his detention under §1225(b) violates the Immigration and Nationality Act ("INA") and his procedural due process rights, and that he is subject to discretionary detention under 8 U.S.C. §1226(a), which would entitle him to a bond hearing. Respondents, on the other hand, argue that Semenov mistakenly stylizes his petition as one challenging mandatory detention under 8 U.S.C. §1225(b)(2), while he is actually detained pursuant to §1225(b)(1), neither of which allow for courts to hold a bond hearing.

More specifically, Respondents argue that Semenov's detention "is lawful under subsection 1225(b)(1)" because the "Government apprehended him within 14 days of entering the United States and within 100 air miles of the United States and Mexico international boundary." (Doc. 10 at 12). They further argue that the "fact that the Government paroled Petitioner and later re-detained him does not relieve him of falling under subsection 1225(b)(1)," as "release on parole pursuant to 8 U.S.C. § 1182(d)(5) does not convert the Government's detention authority from § 1225(b)(1) to § 1226 because . . . parole 'shall not be regarded as an admission of the alien.'" *Id.* at 13-14 (internal citation omitted).

However, Respondents are mistaken. Semenov was not paroled into the United States pursuant to 8 U.S.C. §1182(d)(5). He was released on bond under *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). (Doc. 11 at 14). This distinction is critical. In *Rodriguez*, the court held that "§1225(b) must be construed to authorize only six months of mandatory detention, after which detention is authorized by §1226(a) and a bond hearing is required." 715 F.3d at 1144 (further stating "the mandatory detention provisions of §1225(b) simply expire at six months, at which point the government's authority to detain the alien would shift to §1226(a)"). Thus, the immigration court decision releasing Semenov on bond was pursuant to §1226(a), and the Government's authority to detain Semenov under §1225(b) had permanently expired.

Furthermore, courts nationwide have been dealing with the issue of whether a noncitizen habeas petitioner who has been residing in the United States for some time is subject to the mandatory detention provision of §1225(b)(2)(A). As noted by the Honorable Robert D. Mariani:

> The overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory

- 7 -

detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. §1226(a) and accordingly are entitled to a bond hearing.

*Patel*, 2025 WL 3516865 at *4 (citing *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243, at *1 (E.D.Pa. Nov. 18, 2025)("Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here—was rejected")). Furthermore, "every district court in the Third Circuit to consider this issue has found that detainees similarly situated to [the petitioner] are not subject to the mandatory detention provision." *Id.* The undersigned joins in this consensus interpretation.

For §1225(b)(2)(A) to apply: "(1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt v. Soto*, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025) (citing 8 U.S.C. §1225(b)(2)(A)).

The consensus view of the courts is that "seeking admission" requires "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry." *Gonzalez Centeno v. Lowe*, 2026 WL 94642, at *3 (M.D.Pa. Jan. 13, 2026) (quoting *Quispe v. Rose*, 2025 WL

3537279, at *5 (M.D.Pa. Dec. 10, 2025)). An individual affirmatively "seeking admission" should not be confused as being the same as an "applicant for admission." *See* Patel, 2025 WL 3516865 at *5 (finding that such an interpretation of "seeking admission" violates the rule against surplusage). Therefore, because "seeking admission" applies to individuals in an affirmative act, §1225(b)(2)(A) does not apply to "noncitizens . . . who have resided in the United States for years." *Id.*

While Semenov is detained pursuant to §1225(b)(1), this plain language analysis of §1225(b)(2) is instructive. Section 1225(b)(1) explicitly applies to "aliens arriving in the United States and certain other aliens who have not been admitted or paroled." Semenov is not "arriving in the United States." He arrived in 2024. Nor has Semenov "not been admitted or paroled." He was released into the United States on bond by an immigration judge. (Doc. 11 at 14).

As for §1226(a), it allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and

- 9 -

containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2).

Here, Semenov arrived in the United States on June 21, 2024. (Doc. 10-2 at 4). He was ordered released on bond into the United States pursuant to 8 U.S.C. §1226(a) on December 30, 2024. (Doc. 11 at 14). Thus, he is neither "seeking admission" as defined by §1225(b)(2), nor an "arriving alien" as defined by §1225(b)(1). Accordingly, §1226(a) applies.

### d. Semenov's detention under 8 U.S.C. §1225(b) violates due process and warrants release

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. Const. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To determine whether a habeas petitioner's detention under §1225(b) violates due process, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative

- 10 -

burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Application of the factors reveals a clear violation of due process. First, the "most elemental of liberty interest[s]—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Second, Semenov's erroneous detention under §1225(b) comes with a lack of procedural safeguards, including the opportunity for a bond hearing, which makes it extraordinarily difficult to challenge his detention. *Cunin v. McShane*, 2025 WL 3542999, at *2 (M.D.Pa. Dec. 10, 2025) ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely"). Third, while the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community," there is no such need here. *Quispe*, 2025 WL 3537279 at *7 (citing *Zadvydas*, 533 U.S. at 690). Since his arrival in the United States, Semenov has been a law-abiding member of the community. He is an asylum seeker, which provides him with a strong incentive to appear at future immigration proceedings. Furthermore, he has no criminal history and there are no indications that he poses a flight risk or danger to his community. Indeed, he

- 11 -

was previously found to pose neither by an immigration judge. (Doc. 11 at 14). Thus, upon weighing of the *Mathews* factors, the court finds that Semenov's continued detention under §1225(b) violates his procedural due process rights.

### e. EAJA fees and costs

Semenov will be permitted to file a motion for costs and fees pursuant to the Equal Access to Justice Act ("EAJA") within thirty days of the entry of this judgment. *See Michelin v. Warden Moshannon Valley Correctional Center*, --F.4th--, 2026 WL 263483 (3d Cir. Feb. 2, 2026) (holding that a petition for a writ of habeas corpus from immigration detention under §2241 is an EAJA "civil action," entitling petitioners to attorneys' fees and costs if the Government's position was not "substantially justified").

### IV.   CONCLUSION

For the foregoing reasons, Semenov's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED**. Respondents will be ordered to immediately release Semenov and will be permanently enjoined from re-detaining him under 8 U.S.C. §1225(b). Respondents will also be temporarily enjoined from re-arresting Semenov for a period of 14 days to ensure that this habeas remedy is effective. If Respondents later detain Semenov under 8 U.S.C. §1226, they will be required to provide him with

notice and, within 10 days, a bond hearing before an immigration judge, who shall provide an individualized assessment as to whether he poses a flight risk or a danger to the community. If Semenov is re-detained under §1226 and Respondents fail to schedule a timely bond hearing, he will be permitted to reopen this matter. Finally, Respondents will be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Semenov has been released from custody. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

DATE: 4/14/26

26-472-01

- 13 -